UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PRINCE JAVAN JENKINS,<br><br>Defendant. | No. 2:07-cr-00144-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Prince Javan Jenkins' ("Defendant") Motion for Reconsideration of his Probation Violation Sentence. (ECF No. 53.) The Government filed an opposition. (ECF No. 56.) For the reasons set forth below, Defendant's motion is DENIED.

On October 5, 2007, Defendant pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 28.) On January 11, 2008, Defendant was sentenced to 151 months of imprisonment with a 60-month term of supervised release to follow.[1] (ECF No. 33.) On February 15, 2018, Defendant admitted five violations of his supervised release: (1) cultivating marijuana; (2) possessing marijuana; (3) polluting a stream; (4) diverting a stream; and (5) possession of a dangerous weapon. (ECF No. 48.) At the dispositional hearing on March 22, 2018, this Court revoked Defendant's term of supervised

---

[1] This Court later lowered Defendant's sentence to 121 months because the United States Sentencing Commission amended the applicable sentencing range. (ECF No. 38.)

1

release and sentenced him to serve the remaining 46 months in federal prison. (ECF No. 50.) Defendant, proceeding *pro se*, filed the instant motion on April 15, 2019. (ECF No. 53.)

Defendant asks the Court to reconsider his sentence for violating supervised release pursuant to 28 U.S.C. § 2241 ("§ 2241"). (ECF No. 53 at 1.) Defendant makes four main arguments: (1) he was part of a legal marijuana growing co-op; (2) he was entitled to a hearing pursuant to *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016)[2]; (3) his sentence violated the Equal Protection Clause because other defendants received lower sentences for similar crimes; and (4) the prosecution unfairly targeted him.

At the outset, Defendant cannot properly bring his motion under § 2241. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). "The one exception to the general rule is what we have called the 'escape hatch' of § 2255." *Id.* "The escape hatch permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Id.* (quotation omitted); *see also* 28 U.S.C. § 2255. In the Ninth Circuit, "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Id.* at 898.

The Court notes that Defendant's arguments are largely unsupported. Indeed, Defendant's evidence consists only of his medical marijuana prescription dated April, 20, 2017, and a selection of signed contracts between the "Buds Ultra Lounge" and its members during 2016. (ECF No. 53 at 8–110.) The Court finds that Defendant's evidence is insufficient to suggest he was employed at a legal marijuana growing co-op or that he was entitled to a *McIntosh* hearing. Moreover, Defendant fails to provide any evidence that his sentence violated Equal Protection or

---

[2] In *McIntosh*, the Supreme Court held that defendants charged with federal marijuana offenses were entitled to evidentiary hearings to determine whether their conduct was authorized by state medical marijuana laws. 833 F.3d at 1179.

that the prosecution unfairly targeted him.

Even assuming Defendant makes a viable claim of actual innocence, it appears he had an "unobstructed procedural shot" at presenting his claim much earlier and by proper motion. Defendant presumably knew of the evidence he now presents long before he admitted to the violations of supervised release. Further, Defendant could have argued that he was entitled to a *McIntosh* hearing prior to admitting his violation. Defendant also fails to explain why he brought the instant motion over a year after the sentencing at issue.[3] Put simply, there is no indication that Defendant's remedy under § 2255 would have been "inadequate or ineffective to test the legality of his detention."[4] *Stephens*, 464 F.3d at 897.

For the foregoing reasons, the Court hereby DENIES Defendant's motion. (ECF No. 53.)

IT IS SO ORDERED.

Dated: December 13, 2019

_____
Troy L. Nunley
United States District Judge

---

[3] Even if this Court construes Defendant's motion as being brought under § 2255, there is a one-year limitation for bringing a § 2255 motion. *See* 28 U.S.C. § 2255 (establishing that a defendant typically must file a § 2255 motion within one year of the final judgment). Therefore, Defendant's motion is untimely under § 2255.

[4] Alternatively, the Government also analyzed Defendant's motion as a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). (ECF No. 56 at 2–3.) Even if the Court frames Defendant's motion as a motion for reconsideration rather than a motion pursuant to § 2241, Defendant's motion would similarly fail. Defendant does not (1) present the Court with newly-discovered evidence, (2) demonstrate that the Court's sentence was clearly erroneous or manifestly unjust, or (3) cite any intervening change in controlling law. *See Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003).

3